UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

McDANIEL DRAYTON,

      Petitioner,

v.                                  Case No. 8:05-cv-704-T-23MSS

SECRETARY, Department of Corrections,

      Respondent.

_____/

## **O R D E R**

Drayton petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges his conviction for felony possession of a concealed weapon, for which he is serving a sentence of twenty years.  The petition alleges (1) that the conviction is invalid because the prosecution failed to prove that he employed the knife in a threatening manner and (2) that counsel was ineffective for failing to challenge application of the habitual offender statute because the statute violates Florida's single subject rule.  This court rejected (Doc. 18) both claims and Drayton appealed.  The circuit court reversed and remanded (Doc. 27) finding that Drayton's supporting memorandum (Doc. 2) argued a second claim of ineffective assistance of counsel, an additional claim this court should have addressed even though neither asserted in the petition nor specifically addressed by the respondent.  Pursuant to this court's order

(Doc. 28), the respondent filed a supplemental response (Doc. 29) and Drayton filed a supplemental reply (Doc. 30).[1]

At the end of his ineffective assistance of counsel claim in the supporting memorandum, Drayton asserts that counsel should have challenged the state's proof of the prior convictions used to justify his habitual offender sentence.  The respondent correctly argues that Drayton never presented this additional claim to the state courts.

A petitioner must present each claim to the state courts before raising the claim in federal court.  "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  Duncan v. Henry, 513 U.S. 364, 365 (1995), quoting Picard v. Connor, 404 U.S. 270, 275 (1971).  Accord Rose v. Lundy, 455 U.S. 509, 518-19 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error."), and Upshaw v. Singletary, 70 F.3d 576, 578 (11th Cir. 1995) ("[T]he applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated.").  And a petitioner must present to the federal court the same claim presented to the state courts.  Picard v. Connor, 404 U.S. at 275 ("[W]e have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.").  "Mere similarity of claims is insufficient to exhaust."  Duncan v. Henry, 513 U.S. at 366.  Additionally, "[i]t is not enough that all the

---

[1] This order addresses only the additional claim asserted in the supporting memorandum. The earlier order (Doc. 18), which rejected all other claims, is incorporated by reference.

facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). See also Kelley v. Sec'y for Dept. of Corr., 377 F.3d 1271, 1345 (11th Cir. 2004) ("The exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.") (citations omitted). The reverse of this statement is likewise true, i.e., presenting a federal claim to the state courts but not the facts necessary to support the claim is insufficient. See, e.g., Brown v. Estelle, 701 F.2d 494, 495 (5th Cir. 1983) ("The exhaustion requirement is not satisfied if a petitioner presents new legal theories or entirely new factual claims in support of the writ before the federal court.").

Drayton challenged his conviction and sentence in state court with a motion to correct illegal sentence, Respondent's Exhibit 10, and a motion for post-conviction relief, Respondent's Exhibit 12, with a supporting memorandum, Respondent's Exhibit 13. Neither document asserts that counsel was ineffective for failing to challenge the state's proof of the prior convictions used to justify a habitual offender sentence. The respondent's supplemental response (Doc. 29) correctly argues Drayton's failure to fairly present this claim to the state courts. Drayton's supplemental reply (Doc. 30) fails to address the lack of exhaustion of state court remedies.

The failure to properly exhaust available state court remedies causes a procedural default of the unexhausted claim. O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims."), Kennedy v. Herring, 54 F.3d 678, 684 (1995) ("If a claim was never presented

to the state courts, the federal court considering the petition may determine whether the petitioner has defaulted under state procedural rules."), appeal after remand, Kennedy v. Hopper, 156 F.3d 1143 (11th Cir.), cert. denied sub nom Kennedy v. Haley, 526 U.S. 1075 (1999).  The respondent correctly argues that state rules bar Drayton from now presenting this claim to the state courts.

Drayton asserts in his supporting memorandum but fails to claim in his petition that counsel was ineffective for not challenging the state's proof of prior convictions used to justify his habitual offender sentence.  This claim is procedurally barred from review on the merits.[2]

Accordingly, Drayton's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The earlier order (Doc. 18) is incorporated by reference.  The clerk shall enter a judgment against Drayton and close this action.

ORDERED in Tampa, Florida, on January 11, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2]   Nevertheless, the claim is meritless.  Drayton was notified of the state's intent to seek an enhanced sentence based on the state's habitual offender statute and provided with copies of the prior convictions on which the state would rely.  At sentencing, Drayton admitted to the prior convictions. Respondent's Exhibit 1 at 109.

- 4 -