UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

McDANIEL DRAYTON,

    Petitioner,

v.                                                         Case No. 8:05-cv-704-T-23EAJ

SECRETARY, Department of Corrections,

    Respondent.
                                           /

## O R D E R

Drayton requests the issuance of a certificate of appealability (Doc. 34) and for leave to appeal in forma pauperis (Doc. 35). As a result of the 1996 amendments to 28 U.S.C. §§ 2244, 2253, 2254, 2255, and Rule 22, Federal Rules of Appellate Procedure, a disappointed movant under Section 2254 must acquire a certificate of appealability, which requires a substantial showing by an applicant of the denial of a constitutional right. As stated in Slack v. McDaniel, 529 U.S. 473, 483-84 (2000):

> To obtain a COA under § 2254(c), a petitioner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Barefoot, supra, at 893, and n.4, 102 S.Ct. 3383 ("sum[ming] up" the "substantial showing" standard).
>
> . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

> This construction gives meaning to Congress' requirement that a prisoner demonstrate substantial underlying constitutional claims and is in conformity with the meaning of the "substantial showing" standard provided in Barefoot, supra, at 893, and n.4, 102 S.Ct. 3383 . . . .

An applicant need not show probable success on appeal, but the issuance of a certificate of appealability entails more than "mere good faith" or only the "absence of frivolity." As stated in Miller-El v. Cockrell, 537 U.S. 322, 338 (2003):

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in Slack [v. McDaniel, 529 U.S. 473 (2000)], "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S., at 484, 120 S.Ct. 1595.

Drayton's claim was denied on procedural grounds, specifically that he failed to fairly present his claim to the state courts.[*] Drayton fails to show, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. The requirement for a certificate of appealability was meant to prevent this type of petition from proceeding further.

---

[*] Drayton alleges that his trial counsel was ineffective for not challenging the state's proof of the prior convictions used to justify his habitual offender sentence. Drayton erroneously argues that the state court rejected this claim when it denied his motion to correct an illegal sentence. The language in the order rejecting his post-conviction motions is limited to the claims asserted in the motions; neither the motion to correct an illegal sentence (Respondent's Exhibit 10) nor the motion for post-conviction relief (Respondent's Exhibit 12) challenged the application of the state's habitual offender statute on any ground other than the alleged violation of the state's single-subject rule.

Accordingly, the request for the issuance of a certificate of appealability (Doc. 34) is **DENIED**. Drayton's motion for leave to proceed in forma pauperis on appeal (Doc. 35) is **DENIED**. Drayton must pay the full $455 appellate filing fee unless the circuit court allows Drayton to proceed in forma pauperis.

ORDERED in Tampa, Florida, on February 8, 2008.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE